UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY D. FROLICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. : 1:19-cv-2342 |
| v. | ) | |
| | ) | CAUSE NO. : 1:19-cv-2362 |
| CITY OF CARMEL WATER UTILITIES, | ) | |
| CITY OF CARMEL, BRUCE BUCKSOT, | ) | JURY TRIAL DEMAND |
| GREG HOLLANDER, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, **JEFFREY D. FROLICK**, ("Frolick") for his claims for relief against

Defendants, **CITY OF CARMEL WATER UTILITIES**, (the "Carmel Utilities") **CITY OF**

**CARMEL**, (the "City") **BRUCE BUCKSOT**, ("Bruce") and **GREG HOLLANDER**,

("Greg") (collectively "Defendants") states as follows:

Jurisdictional and Venue

1.      This action is brought under 42 U.S.C. Sec. 1983, Title II of the Americans with

Disabilities Act and Section 504 of the Rehabilitation Act of 1973, Title VI of the Civil Rights

Act of 1964, as amended through the Civil Rights Restoration Act of 1987, and the Federal Due

Process Clause of the Fourteenth Amendment.

1.      Jurisdiction is based upon 28 U.S.C. Sec. 1331 (Federal Question).

2.      Frolick further invokes the supplemental jurisdiction of this Court under 28

U.S.C. Sec. 1367(a) to adjudicate claims arising under state law.

3.      Venue in this District is proper under 28 U.S.C. Sec. 139l(b).

2.      Frolick is an individual residing in the County of Hamilton, State of Indiana.

3.      The Company is a class two (2) municipality located in the County of Hamilton, State of Indiana.

4.      The City is a class two (2) municipality located in the County of Hamilton, State of Indiana.

5.      Bruce is an individual residing in the County of Hamilton, State of Indiana.

6.      Greg is an individual residing in the County of Hamilton, State of Indiana.

7.      The City is a class two (2) municipality located in the County of Hamilton, State of Indiana.

Common Allegations

7.      At all times relevant hereto, Frolick was an employee with the Company.

8.      At all times relevant hereto, Bruce was an employee with the Company.

9.      At all times relevant hereto, Greg was an Operations Manager with the Company.

10.     Bruce, through the Company's email, sent Frolick explicit emails containing inappropriate material.

11.     Bruce made inappropriate comments to Frolick that were unwanted.

12.     Bruce made inappropriate comments to Frolick concerning Frolick' s young minor daughter.

13.     Bruce and Greg made inappropriate comments to Frolick' s regarding Frolick' s religious faith.

14.     Frolick has a qualified disability.

15.     Greg routinely brought up Frolick's disability, as if Frolick's job were in jeopardy, even though Frolick's disability did not impact his ability to perform at his job.

16.     All of these issues were brought to the attention of the Company by written and oral complaints that Frolick made. via several oral and written complaints.  Nothing was ever done about the Complaints.

17.     After several complaints being made weekly, routinely, by Frolick concerning Bruce and Greg, Greg demoted Frolick in June, 2018, took away his city vehicle and assigned Frolick to a less than desirable position in distribution.

9.      The conduct complained of in this action has been committed by each and every Defendant acting under the color of Indiana state law.

10.     However, the Defendants continually retaliated against Frolick making the environment and suffering worse.

19.     The Defendants have deprived Frolick of certain rights and privileges, as described herein, secured by the constitution or laws of the United States.

20.     Due to the forgoing constant harassment, discrimination, and hostile work environment, Frolick was constructively discharged on June 25, 2018.

21.     The hostile work environment caused numerous issues with Frolick's health, stress levels which have manifested physically and have extremely impacted Frolick' s life.

25.     Frolick has incurred damages due to foregoing including, without limitation, lost wages, lost benefits, reputational damage, emotional damage, and other non-pecuniary damages.

26.     The City and Carmel Utilities are state actors.

27.     The individual Defendants acted under color of state law.

28.     The Defendants knew or should have known that their actions complained of herein violated clearly established Federal rights.

WHEREFORE, Munsey, by counsel, hereby requests the Court to find that the Defendants have indeed engaged in conduct violating Frolick's state and federal rights, that Frolick is entitled damages in an amount to be determined, including, but not limited to attorney fees and costs, back pay, reinstatement to his previous position or greater, damages pursuant to any and all applicable Federal and State statutes and common law, and all other just and proper relief.

## DEMAND FOR TRIAL BY JURY

Frolick hereby demands trial by jury on all issues triable by jury in this action.

Date:  June 11, 2019.                    Respectfully Submitted,

Date:  June 12, 2019.                    **DAVIS & SARBINOFF, LLC**, an Indiana
                                         limited liability company,

                                         By: *s/ P. Adam Davis, Esquire*
                                             P. Adam Davis, Esquire, P.C.
                                             3703 Gould Drive
                                             Carmel, Indiana 46033
                                             Telephone: (317) 569-1296
                                             Facsimile: (317) 569-1293
                                             Email: adavis@d-slaw.com